IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID M.R., a minor, by his        )
parents, natural guardians         )
and next friends, DAVID S.R.       )
and CHRISTINA R.; and DAVID        )
S.R. and CHRISTINA R., on          )
their own behalf;                  )       Civil Action No. 03-1090
                                   )       Judge Joy Flowers Conti/
            Plaintiffs,            )       Magistrate Judge Sensenich
                                   )       Re:  Doc. No. 40
         v.                        )
                                   )
THE YOUGH SCHOOL DISTRICT;         )
                                   )
            Defendant              )

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is recommended that Plaintiffs' Motion for Attorney's fees be granted to the extent that they are entitled to an award of fees in the amount of $26,193.75 and an award of costs in the amount of $2,240.60 for a total award of $28,434.35.

II.  REPORT

Plaintiffs David M.R., a minor, and his parents, David S.R. and Christina R. (collectively, "Plaintiffs"),[1] have filed a motion for attorney's fees and costs.  The underlying action alleged that Defendant, the Yough School

_____

[1]Any references in this Report and Recommendation to "David," are to Minor Plaintiff, David M.R.

District ("the School District"), violated the Individuals With Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"), by failing to develop appropriate Individual Education Programs ("IEPs") for David for the 2001-2002 and the 2002-2003 school years.  Plaintiffs sought to modify the decision of the Special Education Due Process Appeals Review Panel ("the Appeals Panel"), which affirmed the decision of the Hearing Officer ("HO"), that both the 2001-2002 and the 2002-2003 IEPs were appropriate.  In the instant case, on March 22, 2005, Plaintiffs' Motion for Summary Judgment was denied, and the School District's Motion for Summary Judgment was granted as to Plaintiffs' claim that the School District violated the IDEA by failing to develop appropriate IEPs for David for the 2001-2002 and the 2002-2003 school years.  (See Mem. Order Adopting R&R (Doc. No. 37).)  Plaintiffs' Motion for Summary Judgment was granted, however, as to the School District's counterclaim, which sought to reverse the decision of the HO, affirmed by the Appeals Panel, to award David 177.5 hours of compensatory education. (*Id.*)

Plaintiffs now seek to recover from the School District reasonable attorney's fees and costs that they incurred during the administrative proceedings, as well as in the instant action.

A. <u>Facts Relevant to Plaintiffs' Motion for Attorney's Fees</u>[2]

Pursuant to the IDEA, on August 13, 2002, David's parents filed a demand for a due process hearing, requesting compensatory education on the grounds that the School District failed to develop appropriate IEPs and failed to implement IEPs. (Compl. (Doc. No. 1) ¶ 28; Answer (Doc. No. 4) ¶ 28.)  The HO identified the issues to be decided at the due process hearing as follows:  "'Was David's IEP developed for the 2001-2002 school year appropriate with regard to assistive technology?'"; "'Was David's IEP implemented during the 2001-2002 school year appropriate with regard to assistive technology?'"; and "'Was David's IEP proposed for the [2002-2003] school year appropriate with regard to assistive technology?'" (Compl. ¶ 32; Answer ¶ 32.)  The HO found the School District did not implement the 2001-2002 IEP, and denied David a free and appropriate education (FAPE) when it failed to provide him with a laptop computer, switch, and software from August 27, 2001 until October 2, 2001 and failed to provide him with a switch from April 11, 2002 until June 7, 2002.  (Id.)  She awarded David 177.5 hours of compensatory education.  (Id.)  The decision of the HO was affirmed by the Appeals Panel subsequent to an appeal by David's

---

[2]For a more comprehensive recitation of the underlying facts leading to the Motion for Attorney's Fees, please refer to the Magistrate Judge's Report and Recommendation.  (Doc. No. 33 at 3-7.)

parents.  (Compl. ¶ 34; Answer ¶ 34.)  This decision was also upheld by this Court.  (See R&R (Doc. No. 33) at 39 and Mem. Order Adopting R&R (Doc. No. 37).)

Counsel for Plaintiffs, Bernard M. Schneider, was involved in all three stages of litigation and prepared itemized billing statements regarding the services he rendered on behalf of Plaintiffs.  (See Pls.' Exhibits (Doc. No. 20), Pls.' Mot. for Atty.'s Fees (Doc. No. 40), and Pls.' Br. (Doc. No. 44).)  In their Motion for Attorney's Fees Plaintiffs claim that they filed a two count Complaint in this Court after exhausting their administrative remedies, as required by the IDEA. (Doc. No. 40.) Count I of the Complaint alleged that the School District had not provided a FAPE to David because "it had not included annual goals or benchmarks or short term objectives related to David's identified need for written expression . . . ."  (*Id.* at 1.) Count II alleged that David's parents prevailed at the due process hearing on their claim that the School District failed to implement David's 2001-2002 IEP, resulting in an award of compensatory education, and, as such, are entitled to reasonable attorney's fees and costs.  (*Id.* at 2.)  Additionally, the School District filed a counterclaim requesting this Court to reverse the decision of the HO and Appeals Panel regarding the award of compensatory education.  (*Id.*)

B. <u>General Relevant Law</u>

   One of the procedural protections afforded by the IDEA is the discretionary award of reasonable attorney's fees to the parent of a child with a disability if the parent is a prevailing party.  See 20 U.S.C.A. § 1415(i)(3)(B) (West 2000) (Individuals with Disabilities Education Act), and *Schaffer v. Weast*, 126 S.Ct. 528, 537 (2005).[3]  The IDEA provides:  "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party."  20 U.S.C.A. § 1415(i)(3)(B) (West 2000). This Court determined that "Plaintiffs are a prevailing party for purposes of an award of attorney's fees."  (Doc. No. 33 at 29 and Doc. No. 37.)  Consequently, Plaintiffs are entitled to an award of reasonable attorney's fees.

   In *Hensley v. Eckerhart*, 461 U.S. 414 (1983), the Supreme Court of the United States addressed the issue of reasonable attorney's fees in the context of a federal civil

---

  [3]The Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, § 615, 118 Stat. 2647, 2724 amended the IDEA.  This amended version of the IDEA was not effective until July 1, 2005, well after the filing date of this case on July 21, 2003.  Furthermore, the amended verison was not in effect until after the final determination on the merits of the instant case.  See Doc. No. 37 and Schaffer v. Weast, 126 S.Ct. at 532.  Therefore, all citations to the Act will be to the pre-2004 verison of the IDEA, which does not differ materially from the amended IDEA on the issue of attorney's fees except in specific instances, none of which are applicable here.

rights action under 42 U.S.C. § 1988.  In deciding "whether a partially prevailing plaintiff may recover an attorney's fee for legal services on unsuccessful claims" the Court held:

> [T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988.  Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.  Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.  But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Hensley,* 461 U.S. at 440.  In reaching this holding, the Court began by determining the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Id.* at 433.  This objective test calculates an initial estimate of the value of the attorney's services, also referred to as the lodestar.  *Id.*  The Court then made adjustments to this basic calculation based on results obtained, taking into consideration the extent to which the facts and legal theories of each claim were interrelated.  *Id.* at 433-38.  The IDEA borrows the test for determining whether fee awards are reasonable from its civil rights counterpart, 42 U.S.C. § 1988.  See *Bernardsville Bd. of Educ. v. J.H.,* 42 F.3d 149 (3d Cir. 1994) (applying principles

6

derived from *Hensley* in reviewing the district court's award for attorney's fees under the IDEA); see also *A.R. v. New York City Dep't of Educ.,* 407 F.3d 65, 73 n.9 (2d Cir. 2005) (discussing the legislative history of the IDEA, which establishes that Congress intended that the fee-shifting provisions "mirror" those of section 1988).  Thus, the analysis used by the Court in *Hensley* to address the issue of reasonable attorney's fees will be applied in the instant case to determine the amount of attorney's fees to which Plaintiffs are entitled.  Furthermore, Plaintiffs "bear the burden of establishing the reasonableness of the requested fees and are required to submit evidence to support their claims for hours expended in performing specified tasks . . . .  An attorney's showing of reasonableness must rest on evidence other than the attorney's own affidavits."  *Holmes ex. Rel. Holmes v. Millcreek Township. Sch. Dist.*, 205 F.3d 583, 594-95 (3d Cir. 2000) (internal citations omitted).

 C. <u>Discussion</u>

        Plaintiffs assert that they are prevailing parties on Count II of their Complaint and on the Counterclaim, and are entitled to an award of fees and costs.  (Doc. No. 40 ¶ 8.)  They have provided accounts of the legal services rendered by their counsel and a summary of the hours that he expended and costs that he incurred.  (*Id.* Exs. 1-14.)  Exhibits 3 through 8 list the hours that were expended on more than one issue, apportioning

percentage rates to each item based on their relation to issues on which Plaintiffs prevailed.  (Doc. No. 40 ¶ 9(c).)  Exhibits 11 through 14 list costs that are related to more than one issue, also apportioning percentage rates to each item based on their relation to issues on which Plaintiffs prevailed.  (*Id.* ¶ 12(c).) In addition, Plaintiffs contend that although they billed an hourly rate of $125.00, the prevailing rate in the community for counsel's legal services is $250.00 an hour.  (*Id.* ¶ 11 and Tab 7, Lincoln Aff. ¶¶ 10-12.)  They request that the Court calculate their award based on an hourly rate of $250.000, rather than on the hourly rate of $125.00 that they were actually charged.  (Doc. No. 40 ¶ 11.)

In their brief in support of their claim for attorney's fees, Plaintiffs argue that although the HO identified three disputed issues, the appropriateness of the IEPs was treated as a single issue by the Appeals Panel as well as this Court.  (Pls.' Br. (Doc. No. 44) at 8.)  They maintain, therefore, that they were successful on half of the issues that were litigated.  (*Id.*) Plaintiffs also argue that when, as in this case, counsel's time was spent generally on the litigation as a whole, and it would be difficult to separate the time spent on individual claims, the Court should focus on relief obtained in relation to hours expended.  (Doc. 44 at 6, quoting *Field v. Haddonfield Bd. of Educ.*, 769 F. Supp. 1313, 1322 (D.N.J. 1991)).

The fees and costs sought to be recovered by Plaintiffs in this case are:

| Chart No. 1:  Fees and Costs Sought | | | | | |
|---|---|---|---|---|---|
| # | Category | Activities Performed | Time Billed | Time Disclaimed | Amount Sought |
| 1 | Admin. Level **(Doc. No. 44 at 8-9.)** | 9 hearing sessions; negotiations; research, writing: briefs, motions, closing argument, and exceptions. | 238.8 hours | 44.2 hours spent: researching & writing regarding the appropriateness of the IEPs, IEP expert, the motion brief and Appeals Panel work | 194.6 hours at $125.00 an hour = $24,325.00[4] |
| 2 | District Court level (Id. at 11.) | advancing claim for attorneys fees, defeating counterclaim | 67.64 hours | (See Id. at 11 n.7) | 67.64 hours at $250.00 an hour = $16,910.00 |
| 3 | Fee motion (Id. at 12) | brief in support research & writing | 11.5 hours | none | 11.5 hours at $125.00 = $1,437.50[5] |
| 1 | General Costs: Admin. level (Id. at 13.) $8,244.00 | | | $7,674.41 related to 44.2 hours disclaimed above | $569.59 |
| 2 | General Costs: District Court level (Id.) $546.34 | | | none | $546.34 |
| 3 | Admin. level: Expert costs (Id.) $1,562.50 | | | none | $1,562.50 |

---

[4]Plaintiffs acknowledge that their request for $250.00 an hour for 194.6 hours of work (which totals $48,650.00) may be subject, at the Court's discretion, to a 50 percent reduction to account for their success on the merits of only half of the issues they contested.  Therefore, Plaintiffs request that they be reimbursed at least for the amount they billed, 194.6 hours at $125.00 an hour, for a total of $24,325.00.

[5]Although Plaintiffs claim general entitlement to a rate of $250.00 an hour in connection with research and writing the fee petition briefs, Plaintiffs specifically request only $125.00 an hour for these fees.  Consequently, the rate of $125.00 will be applied to the 11.5 hours they claim for this item.

| 4 | District Court level: expert costs (Id.) $300.00 | | none | $300.00 |
|---|---|---|---|---|
| 5 | District Court level: fee motion costs $130.34 | | none | $130.34 |

| Chart No. 1 Totals | | |
|---|---|---|
| Total Costs | Costs Items #1-5 above | $3,108.77 |
| Total fees requested | Fee Items #1-3 | $42,672.50 |
| Total fees requested as actually billed | 257.24 hours at $125.00 an hour & 16.5 hours at $100.00 an hour | $33,805.00 |

The School District argues that Plaintiffs are entitled only to the rate that Plaintiffs' counsel charged them for services, because to pay more than what is owed would result in a windfall to the parents. (Def.'s Br. in Opp'n (Doc. No. 45) at 11.)  It further argues that the IDEA allows for reimbursement, but not a bonus or multiplier.  (*Id.* at 11-12.)  It asserts that Plaintiffs' demand for 67.64 hours of work performed at the district court level is excessive for a fee petition, and repetitive of the 11.5 hours claimed for drafting their second fee petition.  (*Id.* at 14.)  The School District points out that because it was not the party who sought appeal of the HO decision to the Appeals Panel or the party who filed suit in district court, Plaintiffs' failure to prevail on any additional issues at these levels protracted the litigation.  (*Id.*)  It also asserts that Plaintiffs' costs should be reduced because they achieved only minimal success

10

and failed to prove that their costs were reasonable.  (*Id.* at 15.)  The School District objects specifically to Plaintiffs' billing for over 1,000 copies, for Federal Express charges, and for internet research charges, all without reference to any specific activity on the case.  (*Id.* at 15-16.)  Finally, it challenges costs associated with using a process server who Plaintiffs claim served a subpoena, because no subpoenaed witnesses were called in the case, rendering a subpoena unnecessary.  (*Id.* at 16.)

1.   Calculation of the Lodestar

Plaintiffs have submitted evidence to support the hourly rate they claim for the work performed by their attorney in the form of an affidavit from an expert witness. (See Doc. No. 40, Tab 7.)  They have also submitted an affidavit with supporting documentation as to the hours expended by their counsel on the case.  (See Schneider Decl. (Doc. No. 40) Tab 7; Doc. No. 44, Tab 44; and Doc. No. 20, Tab 17.)  Plaintiffs seek reimbursement for 194.6 hours at $250.00 an hour, less 50 percent to account for the degree of their success, for a total of $24,325.50, 67.64 hours at $250.00 an hour, for a total of $16,910.00, and 11.5 hours at $125.00 an hour, for a total of $1,437.50.  (See Doc. No. 44 and Chart No. 1.)  Plaintiffs have satisfied their initial burden of production.

a.  <u>Hourly Rate</u>

The general rule is that the prevailing market rate in the community is a reasonable hourly rate.  See *Blum v. Stenson,* 465 U.S. 886, 895 (1984); see also, IDEA, 20 U.S.C.A § 1415(i)(3)(B) (West 2000).  The non-dispositive starting point in calculating what constitutes a reasonable hourly rate is the attorney's usual billing rate.  *Public Interest Research Group of New Jersey, Inc. v. Windall,* 51 F.3d 1189, 1185 (3d Cir. 1995).

In the instant case, the School District argues that Plaintiffs' agreement with their attorney, which provides that they pay their counsel $100.00 an hour for 16.5 hours and $125.00 an hour for all other hours (Doc. No. 45 at 11), is the rate that should be applied by this Court.  Plaintiffs assert that the prevailing community rate is $250.00 an hour and produced an affidavit from an expert witness that states that the prevailing rate in the community is between $200.00 and $300.00 an hour, that attorney Schneider's rate of $125.00 an hour is "very low", and that his request for $250 an hour is "very fair and reasonable."  (Doc. No. 40, Tab 11, ¶¶ 10-12.)

The hourly rate claimed by Plaintiffs must be decreased if it unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience. 20 U.S.C. § 1415(i)(3)(F) (West 2000).  The court is charged with assessing

12

the relative skill and experience of the attorney requesting fees
in making this determination.  See *Id.*  Here, Plaintiffs' expert
concluded that Attorney Schneider's "experience and expertise is
comparable to that of a senior partner in a law firm.  Attorney
Schneider's skill level is commensurate with other attorneys
of numerous years of experience . . . ."  (Doc. No. 40, Tab 7,
¶ 9.)  Defendant has produced no evidence to counter these
findings.  Therefore, the expert report is the only evidence
of attorney Schneider's skill, reputation and experience, and
this evidence weighs in favor of the $250.00 hourly rate
requested.  However, Plaintiffs failed to produce any evidence
regarding the skill, experience or reputation of the attorney who
assisted Mr. Schneider in the case, and thus legal services
performed by "JGH" do not weigh in favor of a $250.00 hourly
rate.

        Additionally, the Supreme Court of the United States
has determined that a contract between a plaintiff and counsel
does not control what rate would be a reasonable rate for a fee
award; the contract is also only a factor to consider in making
the determination.  *Blanchard v. Bergeron,* 489 U.S. 87, 97
(1989).  When determining what is a reasonable fee for a fee
award under the circumstances of the case, "[t]he trial judge
should not be limited by the contractual fee agreement between
plaintiff and counsel."  *Blanchard,* 489 U.S. at 97.  *Blanchard*

13

allows for the deviation from the quoted fee agreement if the fee
agreement allows less than a reasonable fee. *Id.* at 93-94.
Deviation from the fee agreement has been found to be appropriate
where public interest law firms or contingent fee agreements are
involved, but an original contractually agreed upon fee
arrangement is not rendered unreasonable where an attorney "would
be capable of charging a higher rate in the current market
place." *Local Union No. 1992 of IBEW v. Okonite Co.,* 34 F.Supp.
2d 230, 235, *rev'd on other grounds,* 358 F.3d 278 (3d Cir. 2004).
Thus, absent "proof the original fee arrangement was
unreasonable," Plaintiffs and their attorney will be held to
their original contract in determining the lodestar because this
award "is consistent with the goal of preventing attorneys from
seeking a windfall in a request for fees." *Id.* at 235-36 (citing
*Blanchard,* 489 U.S. at 92 n.6).

        In summary, Plaintiffs' expert report establishes that
$250.00 an hour is the customary rate charged in the community
because the substance of this report was not factually disputed
by the School District.  Based on Plaintiffs' expert, their
counsel could have charged more than $125.00 an hour for his
services.  However, Plaintiffs have not established that the
contractual rate of $125.00 an hour was unreasonable.  Therefore,
consistent with the goal of preventing a windfall in attorney's
fees for Plaintiffs' counsel, $125.00 an hour will be used as the

reasonable fee for the lodestar calculation as to both Attorney
Schneider and his associate JGH.

      b.  <u>Time Claimed</u>

     "The next step in the lodestar calculation is
determination of the time reasonably expended in conducting the
litigation." *Windall,* 51 F.3d at 1188 (citing *Hensley,* 461 U.S.
at 433). "A prevailing party is not automatically entitled to
compensation for all of the time its attorneys spent in the
case"; the Court must exclude from the lodestar, hours that were
not reasonably expended. *Interfaith Cmty. Org. v. Honeywell
Int'l, Inc.,* 426 F.3d 694, 711 (3d Cir. 2005), see also, *Hensley,*
461 U.S. at 434. The amount of the attorney's fees must also be
evaluated for whether the time spent and legal services furnished
were excessive considering the nature of the action or
proceeding. 20 U.S.C.A. § 1415(i)(3)(F) (West 2000).

     First, Plaintiffs must set forth evidence supporting
their claim for attorney's fees. *Windall,* 51 F.3d at 1188. Then
Defendant is charged with objecting with sufficient specificity
to the request if the fee award is challenged. *Interfaith Cmty.
Org.,* 426 F.3d at 703 n.5. If the opposing party has objected to
a fee request, a plaintiff must demonstrate that the fees
requested are reasonable. *Id.* "In reviewing a fee application,
a district court must conduct 'a thorough and searching
analysis.'" *Id.* (citing *Evans v. Port Auth. of N.Y. & N.J.,*

15

273 F.3d 346, 362 (3d Cir. 2001)).  "The court may not reduce an award sua sponte; rather, it can only do so in response to specific objections made by the opposing party."  *Interfaith Cmty. Org.,* 426 F.3d at 711 (citing *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 719 (3d Cir. 1989)).

Therefore, all of the hours claimed by Plaintiffs to which the School District has objected must be evaluated for reasonableness through "a thorough and searching analysis" that places the burden of proof on Plaintiffs to justify the reasonableness of the hours.  *Evans,* 273 F.3d at 362.  This analysis involves a "line by line" evaluation of items specifically objected to by the School District.  *Id.*  Due to the burden this evaluation can impose on the court, the objecting party

> cannot merely allege in general terms
> that the time spent was excessive.
> In order to be sufficient, the briefs
> or answers challenging the fee request
> must be clear in two respects.  First
> they must generally identify the type
> of work being challenged, and second,
> they must specifically state the
> adverse party's grounds for contending
> that the hours claimed in that area are
> unreasonable.

*Interfaith Cmty. Org.,* 426 F.3d at 713 (citing *Bell,* 884 F.2d at 714).  In conducting this analysis the fees to which objections have been raised are reviewed for excessive, redundant or unnecessary time.  *Id.*; *see also,* 20 U.S.C.A. § 1415(i)(3)(F)

16

(West 2000).  The initial determination of reasonableness is based upon what the *Hensley* Court called "billing judgment." 461 U.S. at 434.  Billing judgment is characterized as the hours an attorney would bill his own client in the private sector based upon their ethical obligation to exclude excessive, redundant, or unnecessary time.  *Id.*

       Here, the School District filed two briefs objecting to the fee petition.  Both briefs focus primarily on objections that require adjustment of the lodestar amount, *i.e.,* limited success in obtaining the relief requested, and protraction of the controversy.  The School District's objections do not challenge the excessiveness of the fees on the face of Plaintiffs' billing statements.  Therefore, its objections are not related to the calculation of the lodestar, but are subjects that will be addressed under the subheading "Adjustments to the Lodestar," infra. at 23-36.[6]

       A few of the remaining objections raised by the School District are appropriately evaluated under the reasonable time calculation.  In particular, the School District objects, as duplicative, to two entries on July 15, 2004 for drafting an

---

[6] The lodestar does not end the Court's inquiry. "There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'"  Hensley, 461 U.S. at 434.

17

affidavit.  (Def.'s Br. in Opp'n (Doc. No. 42) at 9.)[7]
Plaintiffs agree that they erred on that entry and have
rescinded their claim for reimbursement for this item at the
second entry at Exhibit 4.  (Pls.' Br. (Doc. No. 44) at 11 n.7.)
The School District also objects to entries such as "phone call
with client" and "legal research."[8]  (Doc. No. 42 at 9.)
Plaintiffs do not address these objections in their reply. (See
Doc. No. 44.)

        If the opposing party has objected to a fee request, a
plaintiff must demonstrate that the fees requested are
reasonable.  *Interfaith Cmty. Org.,* 426 F.3d at 703 n.5.
Furthermore, Plaintiffs "should maintain billing time records
in a manner that will enable a reviewing court to identify
distinct claims." *Hensley,* 462 U.S. at 437.  Thus, as to
Plaintiffs' entries for phone calls and legal research, it is
impossible for the Court to determine whether Plaintiffs
exercised reasonable "billing judgment" when these fees were
included in the claim for relief.  In addition, due to the
general description of these entries and Plaintiffs' failure to
justify their inclusion, the Court can not determine whether

_____

[7]See Pls.' Mot. for Atty.'s Fees (Doc. No. 40) Ex. 1 at 2
and Ex. 4 at 1.

[8] The School District's objections that relate to costs will
be addressed in a separate subheading because costs are not a
part of the lodestar calculation, but they are, likewise,
evaluated for reasonableness.

Plaintiffs exercised any billing judgment when they determined that the items were properly included.  Therefore, Plaintiffs' failure to justify these items requires the exclusion of the following items from the fee award.

| Chart No. 2: Exclusions from Fee Award | | | | | |
|---|---|---|---|---|---|
| Doc. No. | Item Date | Item Description | Time (h)/ Rate | Item Total | Amount Sought |
| Doc. No.20, Tab 17 at | Start to 6/30/03 | **Fees associated with proceedings before HO and Appeals Panel** | Total: 238.8 h @ $100.00-$125.00 | | Total: 194.6 h @ $250.00 |
| Ex. 1 | 5/16/02 | Review Document; legal research | 1.0 h @ $100.00 | $100.00 | 100% |
| Ex. 1 | 5/30/02 | Phone Call: Mrs. R. | .2 h @ $100.00 | $20.00 | 100% |
| Ex. 1 | 5/31/02 | Phone Call: Mr. R. | .7 h @ $100.00 | $70.00 | 100% |
| | | *subtotal* | **1.9 h @ $100.00** | **190.00** | |
| Ex. 1 | 6/13/02 | Phone Call: David R.[9] | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 6/18/02 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 7/15/02 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 7/17/02 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 7/19/02 | Phone Call: David R. | .3 h @ $125.00 | $37.50 | 100% |
| Ex. 1 | 8/6/02 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 8/8/02 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |

---

[9] The Court removed the full last name, as it appeared on the cited exhibit, to protect the identity of the minor.

| | | | | | |
|---|---|---|---|---|---|
| Ex. 1 | 8/13/02 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 8/30/02 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 9/15/02 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 9/17/02 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 9/28/02 | Phone Call: David R. | .7 h @ $125.00 | $87.50 | 100% |
| Ex. 1 | 10/21/02 | Phone Call: David R.; Mrs. R. | .4 h @ $125.00 | $50.00 | 100% |
| Ex. 1 | 10/29/02 | Phone Calls: David R., Chris R. | .5 h @ $125.00 | $62.50 | 100% |
| Ex. 1 | 11/19/02 | Phone Call: Mrs. R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 11/19/02 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 12/13/02 | Phone Call: David R. | .5 h @ $125.00 | $62.50 | 100% |
| Ex. 1 | 12/18/02 | Phone Call: Chris R. | 1.0 h @ $125.00 | $125.00 | 100% |
| Ex. 1 | 12/20/02 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 3/12/03 | Phone Call & Fax: David R. | .2 h @ $125.00 | $25.00 | 100% |
| | | **Sub total** | **6.2 hours** | **$775.00** | |
| **Doc. #40, at** | **6/30/03 to 3/31/05** | **Fees associated with proceedings before this Court** | **Total: 67.64 h @ $125.00** | | **Total: 67.64 h @ $ 250.00** |
| Ex. 1 | 10/9/03 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 3/7/05 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 1 | 3/10/05 | Legal Research | .5 h @ $125.00 | $62.50 | 100% |
| Ex. 2 | 7/15/03 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |

| Ex. 2 | 7/22/03 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
|-------|---------|----------------------|----------------|--------|------|
| Ex. 2 | 7/1/03 | Research | 1.5 h @ $125.00 | $187.50 | 100% |
| Ex. 2 | 10/28/03 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 2 | 7/30/04 | T/C w/client | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 2 | 2/24/05 | Phone Call: Christina R. | .2 h @ $125.00 | $25.00 | 100% |
| Ex. 2 | 2/24/05 | Phone Call: David R. | .4 h @ $125.00 | $50.00 | 100% |
| Ex. 4 | 7/15/04 | Phone Call: David R. | .5 h @ $125.00 | $62.50 | 66% |
| Ex. 5 | 3/22/04 | Phone Call: David R. | .2 h @ $125.00 | $25.00 | 50% |
| | | *Subtotal*<br>*3.8h @ 100%= 3.8h*<br>*.5h @ 66% = 0.33h*<br>*.2 @ 50% =0.1h*<br>*total 3.43 at 100%* | ***4.23 h @ $125.00*** | ***$528.75*** | **%100** |

| Chart No. 2: Totals | | | |
|---------------------|---|---|---|
| Admin level | *Sub total* | *1.9 h @ $100.00*<br>*6.2 h @ $125.00* | *$190.00*<br>*$775.00* |
| District Court level | *Sub total* | *4.23 h @ $125.00* | *$528.75* |
| Total Fees not sufficiently described | | 10.43 h @ $125.00<br>1.9 h @ $100.00 | **$1,493.75** |

The above items do not include entries associated with compiling the fee petition because these entries are sufficiently specific to allow the opposing party to identify what the fee represents.  (Doc. No. 44, Tab 44, Ex. 1.)  Further, items that include a double entry when what they represent can be gleaned from the entries' content, *e.g.*, an entry indicating that two phone calls were placed, one to David R. and the other to

21

Trish Andrews (fairly characterized as a telephone call to the
client regarding a telephone conversation with opposing counsel
or vice versa), should not be excluded from the fee request.
(Pls.' Exs., Doc. No. 20, Tab 17, Ex. 1 to Aff. at 12.)  Opposing
counsel, as a party to the general subject of these
communications, does not require any further clarification as to
their nature.

In addition, items that the Court found to be general
in nature, such as phone call "ODR," may have meaning between the
parties so that the entry is not too general to be understood by
opposing counsel.  (See *Id.* at 23.)[10]  Significantly, because the
School District failed to object to these items, they should not
be excluded on the ground that they are not justified.

The School District also objected to Plaintiffs' claim
for 11.5 hours for research and writing the second brief in
support for attorney's fees (Document No. 44).  (Def.'s Br. in
Opp'n (Doc. No. 45) at 14.  If the opposing party objects to
specific fee requests, however, a plaintiff must demonstrate that
the fees requested are reasonable.  *Interfaith Cmty. Org.,*
426 F.3d at 703 n.5.  Therefore, Plaintiffs were required to file
their second brief in order to address the School District's
objections.  Plaintiffs' second brief was thirteen pages long,

---

[10] This item is for illustration purposes only.  Plaintiffs
actually disclaimed it from their request. (See Doc. No. 44,
Tab 44, Exs. 3 & 7.)

nine pages of which involved legal argument addressing the objections raised by Defendant.  (See Doc. No. 44.)  It is not unreasonable or excessive to spend 11.5 hours researching and drafting a brief of this nature.  Thus, the 11.5 hours are not duplicative or excessive.

For the purposes of calculating the lodestar, the reasonable amount of time spent on the instant case is the amount of time claimed by Plaintiffs' counsel, reduced by the hours that this Court determines are not adequately justified.  Plaintiffs assert that the reasonable time expended on this case was for a total fee award of $33,805.00.  (See Chart No. 1.)  However, reductions of 1.9 hours at the $100.00 hourly rate and 10.43 hours at the $125.00 an hour rate are necessary, for a total reduction of $1,493.75.  This reduction is required because Plaintiffs failed to meet their evidentiary burden to provide sufficient evidence to justify these fees after the School District objected to them.  Accordingly, the lodestar, before adjustment, is $32,311.25.[11]  Determining this figure, however, is only the first step in calculating the amount of attorney's fees to be awarded, because the lodestar may be adjusted upward and/or downward depending on the facts of the case.

---

[11]This figure is reached by subtracting the total required deductions of $1,493.75 (Chart No. 2) from the fee amount requested by Plaintiffs, $33,805.00 (Chart No. 1).

2.   Adjustments to the Lodestar

        After the lodestar amount is calculated, it is then evaluated to allow either an upward or downward adjustment, depending upon multiple factors.  *Hensley,* 461 U.S. at 434; *Blum v. Stenson,* 465 U.S. 886, 897 (1984); but see, 34 C.F.R. § 300.513(c)(1) (2005), discussed *infra* at 35-36.  The Court may reduce the amount of the attorney's fees awarded under the IDEA if, among other things, it finds that the parent or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy. 20 U.S.C.A. § 1415(i)(3)(F) (West 2000).  Furthermore, the Court may adjust the fee based upon the "results obtained."  See *Hensley,* 461 U.S. at 434.  In determining whether or not to modify the lodestar, "[t]he factors commonly considered are set out in the United States Court of Appeals for the Fifth Circuit's opinion in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)."  *Windall,* 51 F.3d at 1185 n.8. The court of appeals, in *Windall*, identified these factors as follows, explaining that some of the factors are already a part of the lodestar calculation:

> (1) the time and labor required; (2) the
> novelty and difficulty of the questions;
> (3) the skill required to perform the legal
> service properly; (4) the preclusion of
> alternative employment; (5) the customary fee
> for similar work; (6) the nature of the fee
> payment arrangement; (7) time limitations
> imposed by the client or circumstances;

24

> (8) the amount involved and results obtained;
> (9) the experience, reputation and ability of
> the attorneys; (10) the "undesirability" of
> the case; (11) the nature and length of the
> attorney-client relationship; and (12) fee
> awards in similar cases.

51 F.3d at 1187 n.8 (internal citations omitted) (citing,

*Hensley,* 461 U.S. at 434).

        The School District contends that because Plaintiffs

prevailed on only one of three issues at the administrative level

and none of the issues on appeal to the Panel or to this Court,

the amount of attorney's fees they are requesting should be

reduced.  Specifically, it argues that Plaintiffs should not be

awarded fees for any work done after the date of the HO decision

because they have not obtained substantial relief through their

appeals.  It also contends that Plaintiffs unreasonably

protracted the litigation by filing unsuccessful appeals.

        The parties agree that Plaintiffs did not prevail on

all claims, and that their partial success requires some

reduction of fees.[12]  The parties, however, disagree as to what

adjustment is appropriate.  Plaintiffs also assert that the

lodestar should be adjusted upward to reflect the prevailing

hourly rate in the community of $250.00.

---

[12]Plaintiffs argue for an award of the total amount of the
fees they requested and the School District argues that
Plaintiffs should receive no fees.  Neither position is based on
the applicable law or the facts of this case.

a.   Downward Adjustment

The extent of the success achieved by a plaintiff in prosecuting his suit is a critical factor in determining whether or not the lodestone should be adjusted.  See *Hensley,* 461 U.S. at 440; see also, *Murphy v. Girard Sch. Dist.,* 134 F.Supp. 2d 431, 439 (W.D. Pa. 2000) (quoting *Hensley*, 461 U.S. at 440, the district court observed that the Court, in *Hensley,* considered the results based approach as a critical factor when "a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief").  The Court, in *Hensley,* proposed two methods for reducing fees where a plaintiff achieved limited success on his claims:  (1) eliminate specific hours spent on the unsuccessful claim to account for the limited success; or (2) if segregation of the time is impossible, reduce the entire award to account for the limited success.[13]  461 U.S. at 436-37.  Either method requires a determination of whether the prevailing party had limited success.

In this case, the parties agree that Plaintiffs did not obtain success at the Appeals Panel level, and Plaintiffs have disclaimed the fees associated with the appeal. (Doc. No. 44 at 10 n.6.)  Plaintiffs argue that no reduction is required at the

---

[13]Notably, the Supreme Court specifically rejected "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon" when determining whether to reduce the fee award.  *Hensley,* 461 U.S. at 435 n. 11.

HO and district court levels beyond the reductions they have already made.  Plaintiffs prevailed on admittedly half, arguably one third, of the issues at the HO level, and no issues at the federal level, although they successfully defended a counterclaim and demonstrated that they were the prevailing party for purposes of a fee award.  (See Doc. No. 44 at 3.)  Plaintiffs reduced the time claimed per item when the item was clearly identifiable as connected to unsuccessful issues, and by percentage when the item represented interwoven claims that made categorical exclusion impossible.  (*Id.* at 9-14.)  Plaintiffs' reduced rates were used to calculate the lodestar because they are not asserting entitlement to more time than what they claimed after these reductions.  The School District asserts that Plaintiffs should be allowed no recovery for the proceedings in the district court, and that the fees claimed at the HO level should be reduced by 66% to reflect Plaintiffs' failure to succeed on two out of three issues.

> i. Downward Adjustment for Hours Expended
>    at the HO level

Plaintiffs did not prevail on the issues identified by the HO as "Was David's IEP developed for the 2001-2002 school year appropriate with regard to assistive technology?"; and "Was David's IEP proposed for the [2002-2003] school year appropriate with regard to assistive technology?"  (H'rg Decision, Pls.' Exs. to Br. in Supp. of Mot. for Summ. J. (Doc. No. 20) Tab 12 at 17.)

27

Plaintiffs did prevail on the issue "Was David's IEP implemented
during the 2001-2002 school year appropriate with regard to
assistive technology?" (*Id.*)  Because Plaintiffs did not prevail
on all issues, the lodestar should be adjusted downward to
reflect a more reasonable amount in light of the results
obtained.  *Murphy,* 134 F.Supp.2d at 439.  However, Plaintiffs, on
their own accord, reduced the number of hours for which they
requested reimbursement from 238.8 to 194.6 by disclaiming 44.2
hours of the time billed at the administrative level that was
directly associated with the unsuccessful claims, including all
claims at the Appeals Panel level.  (Doc. No. 44 at 8-10.)

        Plaintiffs assert that at the administrative level,
although three claims were characterized by the HO, only two
issues were presented.  (*Id.* at 8.)  However, Plaintiffs did not
reduce the fees claimed at the administrative level by fifty
percent, because they claim that they succeeded in obtaining the
parents' primary objective:  proper implementation of David's
IEP.  (*Id.* at 6-7.)  The School District argues that Plaintiffs
prevailed on one of three issues and thus the award should be
reduced by 66% and should only allow recovery for fees incurred
prior to April 28, 2003, *i.e.,* those fees incurred before
Plaintiffs appealed to the Appeals Panel.  (Doc. No. 45 at 8-9).
The Court, in *Hensley,* specifically rejected "a mathematical
approach comparing the total number of issues in the case with

28

those actually prevailed upon" when a common core of facts and legal theories makes it difficult to divide the hours expended on a claim by claim basis. 461 U.S. at 434-38. Here, the issues of whether David's IEPs for the 2001-2002 and the 2002-2003 school years were appropriate with regard to assistive technology share a common core of facts and legal theory with the issue of whether the David's IEP, with regard to assistive technology, was implemented properly. Therefore, this Court declines to reduce by 50% or 66% the fees Plaintiffs claim for work at the administrative level.

What is significant, however, is whether the failure to succeed on the claim that David's IEPs with regard to assistive technology were inappropriate, results in what the School District characterizes as limited success requiring reduction, or whether the primary objective of the suit was obtained by an award of compensatory education. The parties argue at length regarding the number of compensatory education hours sought and the number of hours awarded as a basis for demonstrating limited success. Further, the parties cite Plaintiffs own motives as evidence that the proceedings at the HO level were primarily successful (Plaintiffs' perspective), and that the proceedings at the HO level were unsuccessful (the School District's perspective). The School District argues that two appeals of the HO decision evidences that Plaintiffs were unsuccessful in

29

achieving their primary objective.  (Doc. No. 45 at 10-11.)
Plaintiffs proffer a declaration from David's father that states
that if the school district had provided his son with the
computer, the parents would not have requested a due process
hearing, a statement that establishes that the primary goal of
the suit was to give David access to the computer.  (Doc. No. 44
at 6 and Tab 43.)

It is clear that Plaintiffs achieved only partial
success, but this partial success falls short of what can be
considered "limited success."  The 177.5 hours of compensatory
education won by Plaintiffs satisfied the fundamental purpose of
their suit, to provide David with appropriate access to assistive
technology.

The appropriateness of the IEPs centered around the
lack of benchmarks to measure the progress of David's written
expression.  (Doc. No. 44, Tab 42 at 691.)  When asked why the
parents wanted a goal or benchmark added to the IEPs' assistive
technology provisions, David's father responded that the goal was
connected to developing David's independence to express himself.
(*Id.* at 697-98.)  The HO found that David's IEPs were not
required to include goals for him to type in all of his classes
because "the provision of access to his written expression
opportunities must take into consideration David's tolerance
level, including fatigue level . . . ." (Doc. No. 22, Tab 12 at

30

21.)   The HO determined, however, that David did not have access
to his computer during the period his software was being upgraded
and during the period his switch, which provided him with the
ability to type, was lost.   (*Id.* at 22-23.)   The HO also
determined that the failure to provide compatible mathematics
software, and the failure to demonstrate that David completed one
assignment of schoolwork and one assignment of homework a day on
his computer was a failure to implement an appropriate IEP.   (*Id.*
at 23.)   These determinations are consistent with Plaintiffs'
objective of allowing David to develop the skills he required to
use his assistive technology for written expression.

        Although it is clear that the parents would have
preferred benchmarks to enable the measurement of the improvement
of David's written expression through use of the computer, the
primary issue was his inability to utilize his assistive
technology <u>at all</u>.   Therefore, it appears that Plaintiffs
succeeded in obtaining their primary objective of allowing David
to develop his written expression by reliable access to assistive
technology.   That Plaintiffs did not succeed in having goals for
written expression through the use of assistive technology
included in the IEPs, is secondary to Plaintiffs' success on
their claim for compensatory education for failure to have access
to the technology.

Plaintiffs disclaimed hours specifically spent on the unsuccessful portions of their case at the HO level, but did not attempt to disclaim those items that related to all issues. (See Doc. No. 44 at 8-14.)  They achieved their primary objective at the HO level and have reduced the fees where the issues are clearly capable of separation.  Accordingly, Plaintiffs' own reduction of the fees associated with the HO level is sufficient because, although Plaintiffs did not achieve "excellent results," they, nevertheless, did achieve more than "limited success." This case represents neither of the extremes that warrant a total award or a vast reduction in the requested fees.  See *Hensley,* 461 U.S. at 435-36 (noting that "the District Court's award of fees [in that case,] based on 2,557 hours worked[,] may have been reasonable in light of the substantial relief obtained[,] [b]ut [that] had respondents prevailed on only one of their six general claims . . . a fee award based on the claimed hours clearly would have been excessive").  Plaintiffs used proper billing judgment to account for the deduction of items specifically related to the unsuccessful portion of their claim, and further reduction is unnecessary due to the substantial relief obtained at the HO level.

      ii.  <u>Downward Adjustment for Hours Expended at the District Court Level</u>

Plaintiffs assert that due to the interwoven nature of their claims, the fees compiled at the district court level can

32

not be categorically excluded.  (Doc. No. 44 at 12-14.)
Accordingly, they reduced the amount of fees they requested for
hours expended in prosecuting this case in the district court by
allotting percentages to the fees associated with the success of
the fee petition and the defense of the counterclaim.  They claim
they are entitled to 67.64 hours.  The School District is correct
in noting that Plaintiffs are not entitled to recover any fees
for the hours associated with the unsuccessful appeal of the HO's
decision to the Appeals Panel and to this Court.  Plaintiffs have
had no success on their substantive claims at either level.  To
claim 67.64 hours on a fee petition is excessive, even at the
percentage reduction utilized to account for interwoven issues.
However, Plaintiffs are entitled to recover for the hours
expended in preparing, filing, and defending their fee petition.
Plaintiffs are not entitled to any costs they incurred defending
the counterclaim the School District brought in the instant case,
because an unsuccessful result is an inherent risk that
Plaintiffs accepted when they appealed the decision of the HO
and Appeals Panel, and they have not otherwise established
entitlement to these fees and costs.  They are entitled to the
time expended on prosecution of the fee petition, but all other
claims should be disallowed.  This reduction also takes into
consideration the protraction of litigation by filing
unsuccessful appeals, which is a factor to consider when

making the fee award.  See  20 U.S.C.A. § 1415(i)(3)(F)
(West 2000).  As a result, only the following items
associated with the district court action are recoverable
attorney's fees:

| Chart No. 3:   Recoverable Fees at the District Court Level | | | |
|---|---|---|---|
| **Ex.** | **Date** | **Item** | **Time** |
| Doc. #40, ex. 1 at 2 | 1/22/04 | Legal research regarding fees | .20 |
| Doc. #40, ex. 1 at 2 | 2/25/04 | review attorney's fee opinion | .20 |
| Doc. #40, ex. 1 at 2 | 7/15/04 | draft affidavit | .50 |
| Doc. #40, ex. 1 at 3 | 3/28/05 | legal research regarding fee motion | 1.00 |
| Doc. #40, ex. 1 at 3 | 3/29/05 | draft fee motion | 1.00 |
| Doc. #40, ex. 1 at 3 | 3/29/05 | review slip listings for fee motion | 2.00 |
| Doc. #40, ex. 2 at 1 | 6/23/03 | legal research regarding appeal, attorney's fees | 2.00 claimed, 1.00 allowed to reflect fee claim portion |
| Doc. #40, ex. 2 at 3 | 7/21/03 | File complaint | 1.00 |
| Doc. #40, ex. 4 at 1 | 7/15/04 | assemble exhibits (for motion for summary judgment) | .60 claimed, .30 allowed to reflect fee claim portion |
| Doc. #44 at tab 3, ex 1 | all | all fee petition items in this exhibit | 11.5 |
| | | Total hours related to fee petition: | 18.7 at $125.00 an hour = $2,337.50 |
| | | Total hours claimed at the district court level included in lodestar figure | 67.64 |
| | | Total Reduction of lodestar figure | 48.94 at $125.00 an hour to $6,117.50 reduction |
| | | Lodestar Figure | $32,311.25 |

| | | New fee award with downward adjustment | **$26,193.75** |
|---|---|---|---|

In summary, the lodestar figure of $32,311.25 should be
reduced by 48.94 hours at a rate of $125.00 an hour to reflect
the lack of success at the district court level, while allowing
recovery of reasonable fees associated with the fee petition.
Therefore, the fee portion of the lodestar should be adjusted
from $32,411.25 to $26,193.75  to reflect a downward adjustment
of $6,117.50.

b. <u>Upward Adjustment of Lodestar</u>

Plaintiffs also assert that an upward adjustment of the
lodestar should be made to reflect the prevailing rate in the
community.  An upward adjustment is permitted when calculating a
fee award.  See *Hensley,* 462 U.S. at 434; *Blum v. Stenson,* 465
U.S. at 898.  However, the attorney's fees section of the Code of
Federal Regulations, which discusses the IDEA, provides that "no
bonus or multiplier may be used in calculating the fees awarded
under this subsection."  See 34 CFR § 300.513(c)(1) (2005).  This
regulation must be considered in conjunction with Plaintiffs'
request for an upward adjustment from the reasonable hourly rate
of $125.00 billed by their counsel to the prevailing hourly rate
in the community of $250.00.  In *Blum,* a case addressing a fee
award  in the context of a civil rights case, the Court noted
that some of the factors the district court considered as the
basis for an upward adjustment of the fee award were the

riskiness of the litigation, the number of plaintiffs who benefitted, and the complexity of the issues.  465 U.S. at 898-99.  The Court explained that upward adjustment was permitted in cases of exceptional success, but that the district court's deviation from the market rate was deemed to be unwarranted because the burden of proving an upward adjustment of the reasonable fee was placed on the fee applicant, and the applicant failed to meet this burden.[14]  *Id.* at 898-900.

In this case, Plaintiffs did not obtain "excellent results" that warrant full recovery of their actual fee request. See *Hensley,* 461 U.S. at 435.  Plaintiffs' claim for reimbursement at the "prevailing community rate" of $250.00 an hour is unwarranted when they contracted to reimburse their counsel at the reasonable rate of $125.00 an hour.  This determination is consistent with 34 CFR § 300.513(c)(1), which expressly disallows the use of a multiplier in determining rates under the IDEA statutory allowance.  Accordingly, the reasonable rate of $125.00 an hour that counsel billed Plaintiffs should not be adjusted upward.

---

[14]The district court added a 50% increase or "bonus" to the base hours times hourly rate calculation charged by counsel. Blum, 465 U.S. at 890-91.

3.  <u>Reasonable Costs</u>

The School District objects to the payment of costs incurred by Plaintiffs for retaining an expert witness, Eugene Lincoln, whose affidavit was used in aid of drafting the affidavit for the fee petition, on the ground that it did not contest the subject of the fee petition, *i.e.,* reasonableness of the rates.  (Doc. No. 42 at 9.)  Specifically, the School District argues that because it did not contest that the rate of $125.00 an hour was excessive, an affidavit addressing that issue from an expert witness was unnecessary.  (*Id.*)  This objection is without merit, however, because the School District did object to the reasonableness of the $250.00 hourly fee requested by Plaintiffs, and the expert's affidavit established that this fee was the customary rate in the community (although this Court rejected this rate for other reasons).  See discussion of lodestar calculation, *supra* at 11-14.)  Consequently, the affidavit of an expert witness was a reasonable expenditure in connection with defending the fee petition and Plaintiffs are entitled to reimbursement in the amount of $300.00.

The School District's objections to generalized costs for copies and LEXIS/NEXIS research, however, are valid because Plaintiffs did not document the purpose or the nature of these items. (Doc. No. 42 at 9.)  Plaintiffs never responded to this objection; instead they cited cases that, in general, allow for

the recovery of these items.  (Doc No. 44 at 13.)  Therefore,
Plaintiffs have failed to meet their burden to justify the
reasonableness of these costs once the School District objected
to them.  Accordingly, the following itemized list of costs
should be disallowed:

| Chart No. 4:  Excluded Costs | | |
|---|---|---|
| **Item Date** | **Item Description** | **$ Claimed** |
| **start to 6/30/03** | **Doc. No. 20, Tab 17, Ex 3.**<br>**Costs associated with proceedings before**<br>**HO and Appeals Panel** | |
| 6/13/02 | Lexis/Nexis | $42.25 |
| 9/27/02 | 475 Copies @ 15c each | $71.15 |
| 9/27/02 | 650 Copies @ 15c each | $97.50 |
| 9/27/02 | FedEx | $14.10 |
| 10/11/02 | Lexis/Nexis | $44.88 |
| 10/11/02 | 265 Copies @ 15c each | $39.75 |
| 11/14/02 | FedEx | $14.85 |
| 12/10/02 | FedEx | $14.97 |
| 2/26/03 | Lexis/Nexis | $101.14 |
| 3/13/03 | Ziegler (process server) | $47.60 |
| 4/17/03 | 94 Copies @ 15c each | $14.10 |
| 4/17/03 | Postage | $1.29 |
| 4/17/03 | Postage | $5.30 |
| 5/23/03 | Lexis/Nexis | $15.05 |
| | *sub total* | *$523.93* |
| **6/30/03 to 3/31/05** | **Doc. No. 40, Ex.9 – 14 Costs associated**<br>**with proceedings before this Court** | |
| 8/13/03 | Ziegler (process server)          100% | $64.60 |
| 7/11/03 | Lexis/Nexis          100% | $12.03 |
| 11/13/03 | Lexis/Nexis          100% | $7.72 |
| 3/11/05 | Lexis/Nexis          100% | $14.05 |

| 1/21/04 | Postage | $1.24 @ 90% | $1.16 |
| 8/25/04 | Postage | $3.95 @ 66% | $2.61 |
| 8/13/03 | Lexis/Nexis | $184.01 @ 50% | $92.00 |
| 2/12/04 | Lexis/Nexis | $72.08 @ 50% | $36.04 |
| 2/12/04 | 64 Copies @15c | $9.60 @ 50% | $4.80 |
| 2/12/04 | Postage | $2.90 @ 50% | $1.45 |
| 7/12/04 | Lexis/Nexis | $57.48 @ 50% | $28.74 |
| | | *sub total* | *$265.20* |
| **4/4/05 to 5/31/05** | **Doc. No. 44, Ex.2 Costs associated with fee petition** | | |
| 4/13/05 | Lexis/Nexis | | $66.62 |
| 5/12/05 | FedEx | | $12.42 |
| | | *subtotal* | *$79.04* |
| | Total costs claimed (Chart #1) | | $3,108.77 |
| | Total costs disallowed (Chart #4) | | $868.17 |
| | Remaining Costs Claimed | | $2,240.60 |

The School District also objects to the charges associated with the use of Clifford Ziegler to serve a subpoena, because none of the witnesses called by Plaintiffs were subpoenaed. (Doc. No. 45 at 16.) Plaintiffs' did not respond to this objection. Thus, the use of Mr. Ziegler on August 13, 2003 at a cost of $64.60 (Doc. No. 40, Ex. 9) and March 13, 2003 at a cost of $47.60 (Doc. No. 20, Ex. 17, Ex. 3 at 2) will also be deducted from the costs awarded, and are included in the calculations in Chart No. 4 above. Based on the above discussion, Plaintiffs should be reimbursed for reasonable costs in the amount of $2,240.60.

D. <u>Summary</u>

        To summarize, Plaintiffs requested payment for 194.6
hours at the administrative level at a rate of $250.00 an hour
($48,650.00) but recognized that a reduction of fifty percent
based on degree of success might be appropriate and thus claimed
half of this amount ($24,325.00).  Plaintiffs billed 67.64 hours
at the district court level at the rate of $250 an hour
($16,910.00), and 11.5 hours for the fee petition at $125.00 an
hour ($1,437.50), for a total requested fee award of $42,672.50
for 273.74 hours of work, after adjustment by Plaintiffs to
disclaim the items that were attributed to unsuccessful claims,
with further adjustment by percentage at the district court level
to reflect "success".  (See Chart No. 1.)

        The amount claimed by Plaintiffs, however, should be
adjusted to reflect the "reasonable amount" of the contract price
of $125.00/$100.00 charged by Plaintiffs' counsel, for a total of
$33,805.00 for the same amount of hours.  (See Chart No. 1).
Because Plaintiffs failed to meet their evidentiary burden to
provide sufficient evidence to justify these fees once the School
District objected to them, this amount should be further reduced
by 1.9 hours at the $100.00 an hour rate, for at total of
$190.00, and 10.43 hours at the $125.00 an hour rate for a total
reduction of $1,493.75.  (See Chart No. 2.)  The reasonable hours
expended, after this reduction, was found to be 14.6 hours at

40

$100.00 an hour, for a total of $1,4600.00, and 247.61 hours at $125.00 an hour, resulting in a lodestar figure of $32,311.25.

This figure should be further reduced by 48.94 hours at a rate of $125.00 an hour to reflect the lack of success at the district court level, but to allow reasonable recovery of fees associated with the fee petition.  Accordingly, the lodestar should be adjusted downward $6,117.50, from $32,311.25 to $26,193.75.  (See Chart No. 3.)  Finally, the reasonable costs claimed by Plaintiffs, $3,108.77, should be reduced by $868.17 to $2,240.60.  (See Chart No. 4.)  This $868.17 reduction is recommended because Plaintiffs, by failing to identify to what these charges referred after the School District objected to them, did not meet their burden to provide sufficient evidence to justify them.

The final award is calculated by adding the adjusted fee award of $26,193.75 to the adjusted award for costs of $2,240.60, resulting in a total recommended award of attorney's fees and costs to Plaintiffs in the amount of $28,434.35.

III. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiffs' Motion for Attorney's fees be granted to the extent that they are entitled to an award of fees in the amount of

$26,193.75 and an award of costs in the amount of $2,240.60 for a total award of $28,434.35.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


                              s/Ila Jeanne Sensenich
                              ILA JEANNE SENSENICH
                              U.S. Magistrate Judge


Dated:  December 16, 2005

cc:  The Honorable Joy Flowers Conti
     United States District Judge

     Bernard M. Schneider, Esq.
     Brucker, Olszewski, Schneider & Porter
     Weyman Plaza, Suite 320
     300 Weyman Road
     Pittsburgh, PA  15236

     Patricia R. Andrews, Esq.
     Andrews & Price
     Suite 506
     1500 Ardmore Boulevard
     Pittsburgh, PA  15221